KEARNEY COUNTY, APPELLANT, v. H. HAPEMAN, EXECUTOR, APPELLEE.

FILED MAY 17, 1918. No. 20098.

Inheritance Tax: APPEAL. Chapter 113, Laws 1915, gives to the county the right of appeal from the county court for alleged inadequacy of assessment of an inheritance tax upon the estate of a decedent. That which is implied is as much a part of the statute as that which is expressed.

APPEAL from the district court for Kearney county: HARRY S. DUNGAN, JUDGE. Reversed.

Lewis C. Paulson, for appellant.

M. D. King, contra.

.DEAN, J.

Kearney county appealed from the county court to the district court for alleged inadequacy of appraisement and assessment of a portion of the estate of a testate decedent under chapter 113, Laws 1915. On motion of the executor alleging that "the court had no jurisdiction" the appeal was dismissed by the district court, and the county appealed.

Mrs. Carrie R. Hapeman died in Minden on April 24, 1915. By the terms of her will her husband was made sole beneficiary and executor of her estate, which consisted for the most part of real estate in Kearney county, which was appraised at $51,900 by the appraiser appointed by the county judge.

The executor, who is defendant and appellee, contends that the main question is: "Has the county a right of appeal to the county court and from there to the district court? Is the county even a proper party to the action?" He argues that the statute does not contemplate an appeal by the county, and insists that it has no appealable interest, and that the "district court had no jurisdiction in this action for the reason that it is a special proceeding," and because the county could not be required to give security "to pay all costs, together with all taxes." Chapter 113, Laws 1915, provides:

"Any person or persons dissatisfied with the appraisement or assessment may appeal therefrom to the county court of the proper county within sixty days after the making and filing of such appraisement or assessment, conditioned upon the giving of security to the court to pay all costs, together with all taxes that may be fixed by the court."

The language that provides for an appeal to the county court from the appraisement or assessment, when considered in connection with the object of the statute, appears to indicate that it must have been the intention of the legislature that an appeal from the county court was contemplated. It seems that it has

been understood that a county can appeal in such cases. *Dodge County v. Burns*, 89 Neb. 534, involved a controversy over an inheritance tax between certain counties and the legal representatives of a testate decedent. In that case the representatives prevailed and the counties appealed. While the question of the right of the counties to appeal from an adverse decision was not raised, it was assumed that such right existed, and the appeal was entertained by this court and the rights of the parties adjudicated.

The question is important from whatever angle it may be viewed. The county as a unit of government is a representative of the sovereign power, the state, in matters affecting revenue, and as such it has a vital interest in questions relating to revenue. A person whose inheritance is affected by the tax in question is also interested, and neither the state nor the individual should be denied the right of having an adverse decision reviewed. The law favors the right of appeal, and that, too, on equal terms and without discrimination as to either party. It is elementary that a statute providing otherwise would be unconstitutional. It is held generally that, if a statute grants the right of appeal to one party, such statute will not be construed to be exclusive as to the other party. 2 R. C. L. 28; 2 Sutherland (Lewis') Statutory Construction (2d ed.) secs. 516, 717. While not bearing on the present case, but merely to show the solicitude of the people that the right of review shall be held inviolate, it will be borne in mind that the Bill of Rights provides: "The right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied." Const., art. I, sec. 24.

In construing a statute the legislative intent is to be gathered from the necessity or reason for its enactment, and its several provisions should be construed together, in the light of the general objects and purposes of the act, so as to give effect to the main intent, although thereby particular provisions are not construed accord-

ing to their literal reading. That which is implied is as much a part of the statute as that which is expressed. When the literal enforcement of a statute would result in absurdity, the courts will assume that such consequences were not intended. *People v. City of Chicago,* 152 Ill. 546.

It appears to us that the district court had jurisdiction to entertain the appeal. The judgment is therefore reversed and the cause remanded for further proceedings in accordance with law.

REVERSED.

MORRISSEY, C. J., ROSE and HAMER, JJ., not sitting.