(97 South. 415)

No. 25972.

STATE ex rel. ELLIS, Dist. Atty., v. FERGUSON.

In re FERGUSON.

(July 11, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Officers** ⊗➡74—**Constitution does not deny right of appeal to defendant in suit to remove from office.**

Const. 1921, art. 9, § 7, providing, relative to suits to remove from office, that the state, the Attorney General, etc., may appeal, was not intended to deny right of appeal to defendant in view of other provisions of the Constitution and of prior Constitutions and Act No. 135 of 1880, and in view of the guaranty of equal protection of the laws contained in the federal Constitution.

2. **Evidence** ⊗➡28—**Judicial notice taken of agitation for short Constitution during sitting of constitutional convention.**

The court takes notice of agitation which was going on in the press and in the constitutional convention itself during its sittings for a short Constitution, and of the complaints made against the voluminous and legislative nature of the matters reported by committees.

3. **Constitutional law** ⊗➡48 — **Not presumed that convention intended to deny right of appeal or to violate federal Constitution.**

It is not to be presumed that constitutional convention intended to deny right of appeal in any case in absence of express provision to that effect, and it must be assumed that it intended to make the organic law comport with the federal Constitution.

4. **Constitutional law** ⊗➡48 — **Constitutional provision not held to violate federal Constitution unless unconstitutionality free from doubt.**

In construing the state Constitution as affected by that of the United States, the rule applies that, to hold a law unconstitutional, the unconstitutionality must be free from doubt.

O'Niell, C. J., dissenting.

Suit by the State, on relation of C. J. Ellis, Jr., District Attorney, against John M. Ferguson. Exceptions were overruled, and case ordered to trial, and defendant applies for writs of certiorari, mandamus, and prohibition. Preliminary writs recalled, and application dismissed.

C. J. Ellis, Jr., Dist. Atty., of Rayville (H. Flood Madison, of Bastrop, of counsel), for plaintiff.

George Wesley Smith, of Rayville, for defendant.

DAWKINS, J. Acting upon the petition and information of some 26 citizens and taxpayers of ward 2 of Richland parish, the district attorney brought this suit for the removal from office of the defendant as police juror for said ward.

Defendant's first appearance was by way of exception, as follows:

(1) That the petition discloses no cause of action;

(2) That, if brought under the provisions of article 9, §§ 1 to 9, inclusive, of the Constitution of 1921, said suit had been brought without authority of law, because said provisions were not self-operating;

(3) That section 7 of said article is in conflict with section 6 of article 1, in that it shows a partiality on its face, is discriminative, and denies an equal protection of the law because it allows the plaintiff to such a proceeding to appeal, while denying that right to a defendant; and,

(4) For the reason last stated, it violates the Fifth and Fourteenth Amendments to the federal Constitution.

Said exceptions were overruled, and defendant answered under protest, with reservation of his rights, and in effect denied the allegations of the petition. The court

having ordered the case to trial, defendant applied to us for writs of certiorari, mandamus, and prohibition, and the matter is now before us for determination.

## Opinion.

[1] The only question which we shall consider at this time, is the alleged invalidity and unconstitutionality (according to the federal Constitution) of said section 7 of article 9 of the Constitution of 1921, which we quote, as follows:

"Ten days' citation shall be allowed in all suits to remove, and they shall have preference throughout over all others. The state, Attorney General, district attorney, or any person at whose instance a suit is brought, may appeal, and in cases of state and district officers, the appeal shall lie to the Supreme Court; all other appeals shall lie to the Courts of Appeal having territorial jurisdiction.

"No suit for removal shall work a suspension from office; but the trial court may, by rule nisi and contradictory hearing, after ten days' notice, suspend any officer, subject to a review by the proper appellate court, and such office shall be filled by the appointing power until the cause is finally decided. * * * *"

An examination of the Journal of the Convention of 1921 discloses that, as reported on April 19th, the ordinance (No. 457) or schedule of the committee on impeachment and removal from office, with respect to the matter now under consideration, read:

"In all suits instituted under this article, the defendant, the state, and the citizens and taxpayers on whose information and at whose request such suits may be brought, or any one of them, shall have the right to appeal, both on the law and the facts from the judgment of the court. * * *

"In cases against members of the board of state affairs, railroad commissioners, district attorneys, clerks and sheriffs, the appeal shall be to the Supreme Court; and in cases against all other officers named in this article, the appeal shall be to the Court of Appeal of the proper circuit. * * *"

[2] We take notice of the agitation which was going on at that time, both in the press

of the state and in the convention itself for a short Constitution, as well as the complaint against the voluminous and legislative nature of the matter which was being reported by the several committees; also as disclosed by the journal itself. The journal likewise shows that this ordinance or schedule had been passed to third reading without objection on April 25th; that on May 2d, when called for final passage, the chairman of the committee requested that it be recommitted; that it was again returned to the convention on May 23d, and that, as reported the last time, it was little more than half as long as before, and all of its sections had been re-formed and rewritten, apparently for the purpose of bringing about this reduction in length. Again it was adopted and passed by the convention practically without change.

It is evident that the omission of the word "defendant" was accidental, and that there was no positive intention of denying the right to a defendant, the party most concerned, of an appeal in a suit to remove him. This conclusion is unescapable when the second paragraph quoted above is considered.

If it had been intended to deny the right of appeal from a jugment of removal, what would have been the sense in making a preliminary judgment of suspension "subject to a review by the proper appellate court," and what was meant by the proper appellate court, save that, "in cases of state and district officers, the appeal shall be to the Supreme Court; all other appeals shall lie to the Courts of Appeal having territorial jurisdiction"?

[3] It is not to be presumed that the convention intended to deny the right of appeal in any case, in the absence of an express provision to that effect, such as is found in section 5 of article 8, with regard to the right to register for voting and the striking of a voter's name from the registration rolls. We are further bound to assume that it (the con-

vention) intended to make the state's organic law comport with the federal Constitution; and to say that, by this apparent omission, it was advisedly sought to deprive one side of the right of appeal while granting it to the other, is to attribute to the framers a purpose to violate the guaranty to all citizens of equal protection of the law. Green v. Red Cross, 232 Ill. 616, 83 N. E. 1081.

Besides, the provisions of the Constitutions of 1879, 1898, and 1913 on this subject were the same in substance as that of the Constitution of 1921, though the latter is greatly reduced in verbiage, and does not contain the word "defendant." Act 135 of 1880 was passed to carry the provision in the Constitution of 1879 into effect, and it expressly grants the right of appeal to all parties, including the defendant. We have held that this statute has remained in effect under all succeeding Constitutions. State ex rel. Dist. Atty. v. Egan, 138 La. 202, 70 South. 97; State ex rel. Bourg, Dist. Atty., v. Marrero, 132 La. 114, 61 South. 136, Ann. Cas. 1914C, 783.

See, also, 2 R. C. L. p. 30; Brodner v. Swirsky, 86 Conn. 32, 84 Atl. 104, 42 L. R. A. (N. S.) 654. There is nothing in section 7 of article 9 that conflicts or is inconsistent with it with regard to the right of appeal. It would require a very strained construction to hold that, because the Constitution was silent in whole or in part upon the subject of appeals, the Legislature had been denied the right to legislate thereon. Then, again, in its schedule, the present Constitution, as did all others, specifically provides that all laws not in conflict therewith shall remain in effect until repealed or modified by the Legislature.

[4] In construing our own Constitution, as affected by that of the United States, we are governed by the same fundamental rules which apply to statutes, one of which is, to hold a law unconstitutional the unconstitutionality must be free from doubt. We find no such case here; on the contrary, every reasonable consideration points to a meaning and purpose consistent with the highest law of the land. It is to be remembered that, in writing a Constitution, its framers are concerned principally with constructing the framework of government, and in placing limitations upon the Legislature and the other political subdivisions of the state. They do not, ordinarily, deal with the details of legislation.

Our conclusion is that the defendant in this case, as well as in all others for removal from office, has the right of appeal to either the Courts of Appeal or the Supreme Court, to be determined by the character of the office, as provided by the Constitution of 1921, and the Act 135 of 1880.

For the reason assigned, the preliminary writs are recalled, and the application is dismissed, with costs.

O'NIELL, C. J., dissents.