**SCHOOL DIST. NO. 6, McCLAIN COUNTY, et al. v. BOARD OF COM'RS, McCLAIN COUNTY, et al.**

No. 15412—Opinion Filed May 5, 1925.

(Syllabus.)

1. **Schools and School Districts — Refusal to Form New Districts—Appeal.**

Under section 10321. Comp. St. 1921, an appeal lies to the county commissioners of the county from the action of the county superintendent of public instruction on proper application refusing to form a new school district.

2. **Certiorari—Discretionary Writ—Refusal Against Formation of New School District—Res Judicata.**

Certiorari is not a writ of right, but is to be granted or not in the discretion of the court, and the writ will issue only where no appeal or proceeding in error lies, and ordinarily where the error cannot otherwise be corrected. Record examined; held, that the petitioners are not entitled to the writ.

Application for Writ of Certiorari.

Application by School District No. 6 of McClain County and others against the Board of Commissioners of McClain County and others. Writ denied.

C. G. Moore and Blanton, Osborn & Curtis, for plaintiffs.

W. C. Mastison, Co. Atty., L. T. Cook, and Ben Franklin, for defendants.

LESTER, J. This is an original application in this court for a writ of certiorari to search the record of defendants. the board of county commissioners of McClain county, Okla., and the county superintendent of said county, for jurisdictional errors alleged by plaintiffs to have been committed relating to the transfer of certain territory from school districts numbered 5 and 6, and the creation out of said territory of a new common school district.

A petition signed by the requisite number of persons was duly presented to the county superintendent, who, after a hearing thereon, denied the petition and refused to create a new district. An appeal was perfected to the board of county commissioners of McClain county, and after a hearing thereon the board reversed the action of the said county superintendent, and by their order sought to create a new district by detaching from school districts numbered 5 and 6 the territory mentioned in the original application before the county superintendent.

The respondents filed their answer, in which they admit most of the facts set up in plaintiffs' petition; however, they deny that by the creation of a new district any great injustice is being done the plaintiffs. They deny that the appeal from the action of the county superintendent to the board of county commissioners was not authorized by law. and for further answer, they state and allege that the identical cause was filed by the identical plaintiffs against the same defendants in the district court of McClaim county, and that all the facts and pleadings set up in plaintiffs' petition in this court were judicially determined in the district court of McClain county, and that the determination of each and every issue in said district court was in favor of defendants and against the plaintiffs, and defendants plead said judgment as res judicata and a bar to the right of plaintiffs to a writ of certiorari from this court.

Plaintiffs rely for their right to said writ by virtue of section 10321, Comp. St. 1921, which is as follows:

"It shall be the duty of the county superintendent of public instruction to divide the county into a convenient number of school districts and to change such districts when the interest of the people may require it, by making them conform to existing topographical or physical conditions; but only after 20 days' notice thereof, by written notice posted in at least five public places in the district or districts so affected; but no district shall be formed from other organized districts containing less than six square miles of area and assessed valuation of less than $50,000; and fewer than eight persons between the ages of six and 20 years; and no district having a bonded indebtedness shall be so changed that such indebtedness shall exceed five per cent. of the assessed valuation of such district. No school district shall be reduced to an area of less than six square miles. No district shall be changed under the provisions of this section, except upon a petition to the county superintendent of public instruction, signed by at least one-third of the qualified electors of the district petitioning for the change; provided that one-fourth of the qualified electors of any district affected by such change may join in an appeal to the board of county commissioners from the action of such county superintendent. and their decision shall be final; provided, further, that notice of such appeal shall be served on such county superintendent within ten days after the time of posting the formation or alteration of such district. Such notice shall be in writing, and shall state fully the objections to the action of such county superintendent, a copy of which shall be filed with the county clerk and also with the clerks of all the districts affected by such alteration, and such appeal shall be heard and

decided by a majority of the board of county commissioners at their next regular meeting, and if such appeal is not sustained by them, such county superintendent shall proceed to appoint the time and place for said district meeting, which shall then proceed as required by law. Such superintendent shall number school districts when they are formed, and he shall keep in a book for that purpose a description of the boundaries of each school district, and part of district, in his county, with a plat of same, date of organization, date and full record of all changes of boundaries, and a list of district officers in his county, the date of election or appointment, and the time the term of each is to expire."

The plaintiffs contend that an appeal to the board of county commissioners is permissible under said section only in the event that the county superintendent sustains the petition for the creation of a new district by the affected districts, and therefore, if the county superintendent denies the petition of those seeking to create a new district, then no appeal lies to the board of county commissioners from such action.

This brings us to the inquiry whether the Legislature intended to give the right of appeal only to those who oppose the creation of a new district after such petition had been acted upon favorably to the petitioners who seek to create a new district.

"The Legislature shall pass no law granting to any association, corporation, or individual any exclusive rights, privileges or immunities within this state." Section 51, art. 5, Constitution of Oklahoma.

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property or reputation; and right and justice shall be administered without sale, denial, delay or prejudice." Section 6, art. 2, Constitution of Oklahoma.

The question of the construction of a statute that gives the right of appeal to one party and not to the other party was considered by the Supreme Court of Illinois, in the case of People v. Sholem et al., 87 N. E. 390; the syllabus of which is as follows:

"Statutes should be construed so as to give a sensible meaning to every part and avoid absurd and unjust consequences, and, of two permissible constructions, that should be preferred which best harmonizes with the entire act.

"The intention of a statute should be gathered from the necessity or reason of its enactment, and its meaning should be enlarged or restricted according to its true intent.

"Statutes giving the right of appeal should be liberally construed in furtherance of justice, and a statute which literally construed, gives an appeal to only one party, should be construed, if possible, so as to give the same right to the other party.

"While the Legislature has power to regulate appeals and writs of error, it cannot allow an appeal to one party from an adverse decision without allowing it upon equal terms to the other party."

The facts in this case of People v. Sholem were analogous to the facts in this case. The question in that case was whether or not the state had a right to appeal under the inheritance tax law of that state. The statute provided that:

"Any person or persons dissatisfied with the appraisement or assessment may appeal therefrom to the county court of the proper county within 60 days after the making and filing of such appraisement or assessment on paying or giving security satisfactory to the county judge to pay all costs, together with whatever taxes shall be fixed by said court."

The contention was raised in that case that the state did not have a right of appeal under the language used in that statute. The further contention was made that the statute did not intend to give the state the right of appeal from the action of the county judge, because said statute provided that such appeals should be allowed "on paying or giving security satisfactory to the county judge," etc., and that the state was not required, in appealing, to give bond. However, the Supreme Court reached the conclusion that a proper construction of the statute gave the right of appeal to the state as well as the other side.

The Supreme Court of Illinois, in its opinion in the case of Hecker v. Ry. Co., 83 N. E. 456, had the following to say on the subject:

"The Legislature has the right to regulate appeals and writs of error, but it has no right to discriminate between the parties. It cannot allow an appeal to one party from an adverse decision and deny it to the other. It is obvious that a law providing that the defendant should have the right to appeal from the judgment of the trial court, but the plaintiff should not, would be an unjust discrimination. It is equally unjust that the appellee or defendant in error should be entitled to appeal from the judgment of the appellate court, while the appellant or plaintiff in error cannot. The fact that the appellate court and the trial court have differed in their judgment affords no sensible reason for discriminating in favor of either party as to the right of appeal. If the matter is still open for an appeal, it must, in justice, be equally open to either

party. The litigants should be looked upon with equal favor by the law, and have the same right to appeal and the same questions should be open to each."

Plaintiffs in their brief cite the case of School District No. 7 of Johnston County v. Cunningham et al., 51 Okla. 261, 151 Pac. 633, which action was commenced by the plaintiffs filing a petition with the county superintendent of public instruction of Johnston county to detach certain territory described in the petition from school district No. 7 of Johnston county, for the purpose of forming a new school district out of the same. The petition was denied by the county superintendent and an appeal was perfected by said petitioner to the board of county commissioners of Johnston county. Upon a hearing, the board of county commissioners granted the petition and ordered the territory described in the petition detached from school district No. 7, and a new district formed comprising said territory.

It appears that the law under which said appeal was perfected from the county superintendent to the board of county commissioners in that case provided that either party or any person or persons residing in the school district affected by such formation or alteration might appeal to the board of county commissioners. The law in the instant case provided for the manner of appeal, as follows: That one-fourth of the qualified electors of any district affected by such change may join in appeal to the board of county commissioners from the action of such county superintendent, and this decision shall be final.

The same question now presented was passed upon by this court in the case of Board of Education of Nowata v. McCracken, 62 Okla. 173, 162 Pac. 782. The court in the opinion said:

"We are of the opinion, and so hold, that under said section an appeal lies to the county commissioners of the county, from a refusal of the county superintendent of public instruction to create a new school district, for the reason that we think the provision in said section providing 'that ¼ of the qualified electors of any district affected by such change may join in an appeal to the county commissioners from the action of the county superintendent,' includes the right of appeal from the action of the county superintendent in refusing to create a new school district, and to hold that the refusal to create such new school district would not be to affect such school district is untenable."

There is no material difference between the statute governing the above case and the statute governing the instant case, in the matter of the right to appeal and the procedure in reference to proper service of notice of appeal upon the affected districts.

It is hardly conceivable that the Legislature intended to create in the county superintendent the sole power to determine whether a new district should be created. Oklahoma is practically a new state. In many sections of the state, both the population and wealth increase rapidly and the necessity for a school district may become readily apparent, and where such a condition arises, the people affected would be without an adequate remedy should the county superintendent arbitrarily and without reason refuse to create an additional district, even though all the necessary requirements were met. We do not believe that the Legislature intended such a construction upon the section under discussion, and we therefore hold that the statute permits an appeal from the county superintendent in denying to the petitioners the creation of a new district.

Another, and a very serious objection, is urged by the respondents. It appears that on the 15th day of January, 1924, the plaintiffs herein filed a petition in the district court of McClain county, praying for a writ of injunction against the identical defendants in this case, said cause being numbered 3389; that thereafter, on the 7th day of February, 1924, the said plaintiffs filed in the district court of McClain county, Okla., their petition for a writ of certiorari against the above named defendants, said cause being numbered 3406. That the facts alleged in said petition in said court were identical with the facts alleged in the application for writ of certiorari and that the writ of certiorari was issued by the Hon. W. L. Eagleton, judge of the district court in and for said county and state; that thereafter, the matter coming on to be heard before the Hon. W. L. Eagleton, on the 28th day of March, 1924, the court in both cases found in favor of defendants and against plaintiffs, and that the plaintiffs were not entitled to the relief prayed for in their petition, and said cause was dismissed by the court at the cost of plaintiffs. A copy of the journal entry is contained in the record in this case. That after the rendition of said judgment, no notice of appeal was given by the plaintiffs from the judgment of said court, nor was any time requested by plaintiffs for the preparation and service of case-made on appeal. It is urged that said judgment has now long since become final and conclusive upon the parties to said suit, and

that the parties and subject-matter in the proceeding in the district court of McClain county were identical with the parties and the subject-matter involved in the proceedings before this court, and the defendants plead the judgment of the district court of McClain county as res adjudicata of the matters and things complained of by the plaintiffs in their application and petition filed in this court.

In Gregg et al. v. Hughes, 89 Okla. 168. 214 Pac. 904, this court assumed original jurisdiction of an application for writ of certiorari. In explaining why jurisdiction was assumed, Mr. Justice Branson, speaking for the court, said:

"The mere fact that the district court of Garvin county refused to entertain jurisdiction and hear the matter on its merits, this being a matter in which the public has an interest, the original jurisdiction of this court is not destroyed because application was made to the district court, and the said court refused to entertain the same."

"It is a rule of almost universal application that writ of certiorari will not issue in those cases in which there is a plain, speedy, and adequate remedy by appeal. * * *" 11 C. J. p. 113, sec. 57.

This court has held in numerous decisions that certiorari is not a writ of right, but a discretionary writ, which the courts in the exercise of sound judicial discretion grant or refuse as justice may seem to require. In this case we are unable to see any just ground for the issuance of a writ of certiorari, which we have seen is not a writ of right, but a discretionary writ.

For the reasons stated, the writ of certiorari is denied.

BRANSON, V. C. J., and HARRISON, MASON, PHELPS, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 35 Cyc. p. 835. (2) 11 C. J. pp. 111, 113, 115, 128; 35 Cyc. p. 8½./.