## GRAVES et al. v. BOWLES, County Supt., et al.

No. 18920.   Opinion Filed Feb. 5, 1929.

West & Petry, for plaintiffs in error.

Byron Kirkpatrick and James Harrington, for defendants in error.

LEACH, C.   This is an appeal from an order and judgment of the district court of Tulsa county denying a writ of mandamus.

The action was tried in the district court on a stipulation of facts, the substance of which is as follows:

The county superintendent of public instruction of Tulsa county made an order attaching a portion of school district No. 9 to Tulsa city school district and the remainder or balance to Jenks city school district. Within ten days after such order notice of appeal therefrom was given signed by seven qualified electors of the territory ordered attached to the Tulsa school district; that the seven electors signing the notice of appeal did not constitute one-fourth of the qualified electors of school district No. 9, or of the territory ordered annexed to Tulsa city school district. Upon advice of the county attorney that it was necessary that one-fourth of the qualified electors of the territory affected sign the notice of appeal, the county superintendent refused to certify to or produce before the board of county commissioners of the county the documents and papers pertaining to the matter, and the board refused to hear the appeal. The fourth and last paragrah of the stipulation reads:

"4.   The only controverted question involved in this application for writ of mandamus is whether or not it was necessary for one-fourth of the qualified electors of the territory affected to join in an appeal from the order of the county superintendent to the board of county commissioners, or whether or not a less number might do so. If it is legally necessary that one-fourth of said electors join in said appeal, the application for writ should be denied. If any number less than one-fourth of the qualified electors of the territory affected may appeal from the order of the county superintendent to the board of county commissioners, then the writ of mandamus prayed for should issue. * * *"

The district court denied the writ prayed for by the plaintiffs on the ground that the statutes did not authorize an appeal by less than one-fourth of the electors of the territory affected, and the plaintiffs bring this appeal.

The parties to the action concede that the only question here involved is the one embodied in the fourth paragraph of their stipulation of facts, as set forth above.

A correct decision of the question involved requires an interpretation of section 10405, C. O. S. 1921:

"Territory outside the limits of any city or town within an independent district may be added to or detached from such city or town for school purposes upon petition to the county superintendent of public instruc-

tion by a majority of the qualified electors of the territory desiring to be attached to or detached from such city or town, and if he deem it proper and to the best interest of the school of such city or town, he shall issue an order attaching such territory to or detaching such territory from such city or town for school purposes, and such territory shall after being attached from the date of such order, be and compose a part of such city for school purposes only; * * * Provided, that if any party or parties should object to the changing of the school district boundaries, they shall have the right of appeal as provided for appealing from the decision of such county superintendent in changing the boundaries of other school districts * * *"

—under the provisions of which the county superintendent made the order now sought to be appealed from.

It is also conceded by the parties that the latter part of section 10405, supra, "they shall have the right of appeal as provided for appealing from the decision of such county superintendent in changing the boundaries of other school districts," refers to and is controlled by section 10321, C. O. S. 1921, that part relating to appeals.

A difference of opinion between the parties and the question presented in this appeal arises upon whether that part of section 10321, supra, which provides:

"Provided, that one-fourth of the qualified electors of any district affected by such change may join in an appeal to the board of county commissioners from the action of such county superintendent"

—is applicable and controlling as to persons who may appeal under the provisions of section 10405, supra.

It is contended by the defendants, and so held by the trial court, that no less than one-fourth of the qualified electors of the territory affected by such change might appeal. The plaintiffs contend that no such limitation exists under section 10405; that the limitation as to the number who may appeal as provided by section 10321 had no application to the latter section.

We find no decision, and none is called to our attention, which decides the question presented in this cause. However, this court, in the case of School District No. 6, McLain County, v. Board of County Commissioners, 108 Okla. 254, 236 Pac. 21, which case involved the question of the right of appeal in cases where the county superintendent refused to change a district, cited and quoted with approval the following provisions of our Constitution, and from an Illinois case, which authorities we consider appropriate in the instant case:

" 'The Legislature shall pass no law granting to any association, corporation, or individual any exclusive rights, privileges or immunities within this state.' Section 51, art. 5, Constitution of Oklahoma."

" 'The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property or reputation; and right and justice shall be administered without sale, denial, delay or prejudice.' Section 6, art. 2, Constitution of Oklahoma. * * *

"Statutes giving the right of appeal should be liberally construed in furtherance of justice, and a statute which, literally construed, gives an appeal to only one party, should be construed, if possible, so as to give the same right to the other party." People v. Sholem et al. (Ill.) 87 N. E. 390.

Where no hearing is provided for by statute to an aggrieved or interested party, prior to entry of an order affecting him, a liberal rather than a restricted or limited right of appeal should be applied under the provisions of our Constitution and statutes. We think it obvious from a comparison and reading of that part of section 10321:

'Provided ,that one-fourth of the qualified electors of any district affected by such change may join in an appeal to the board of county commissioners from the action of such county superintendent"

—with that part of section 10405:

"Provided, that if any party or parties should object to the changing of the school district boundaries, they shall have the right of appeal as provided for appealing from the decision of such county superintendent in changing the boundaries of other school districts"

—that the limitation, if it can be rightly termed a limitation, fixed under section 10321 is not to be found and does not apply under the provisions of the latter section. That part of section 10405 which refers to the right of appeal as provided for appealing in changing the boundaries of other school districts has reference only to the method, manner, time, and procedure of appeal, and has no reference to the other parts of that section of the statute which provides that one-fourth of the qualified electors of any district affected may join in an appeal.

We think the statute sufficiently clear in its language and meaning so as to render it unnecessary for any extended discussion of the intent of the Legislature in enacting the same or the necessity or reason for our construction thereon.

Some discussion is set out in the brief of the defendant in error to the effect that this action is a collateral attack on the order of the county superintendent, which order is in its nature quasi judicial, and therefore cannot be collaterally attacked.

The cases cited under the argument advanced are not applicable under the facts in the instant case. The plaintiffs seek to appeal from the order of the county superintendent, and do not here and now attack or question its validity.

We are of the opinion, and hold, that plaintiffs are clearly entitled to the relief sought by mandamus. Feuquay v. McAlester et al., 102 Okla. 164, 228 Pac. 487.

For the reason stated, the judgment of the district court is reversed, and the cause remanded, with directions to grant the writ as prayed for.

BENNETT, TEEHEE, REID, and DIFFENDAFFER, Commissioners, concur.

. By the Court: It is so ordered.

Note.—See "Schools and School Districts," 35 Cyc. p. 835, n. 95.