(3) Any claim arising from any contract of indemnity entered into by the principal in this state; or,

(4) Any claim arising from any contract of fidelity insurance entered into by the principal in this state; or,

(5) Any claim arising from any contract of guaranty entered into by the principal in this state.

Plaintiff, it appears to us, falls within the first and second classes we have enumerated. First, she has reduced her claim against the principal to a judgment in a state court; and, secondly, she is the third party (beneficiary) in a contract of workmen's compensation insurance entered into by the principal in this state. Section 23 of Act No. 20 of 1914, as amended by Act No. 85 of 1926; Wyatt v. Finley, 167 La. 161, 118 So. 874; Woods v. U. S. Fidelity & Guaranty Co., 167 La. 411, 119 So. 409; Baker v. Wall Drilling Co., 168 La. 513, 122 So. 711.

There can be no question that the defendant, in furnishing the bond herein sued on, permitted its principal to withdraw from the state the collateral which, but for defendant's act, would be subject to execution under plaintiff's judgment against the principal. Defendant assumed by its bond the place occupied by its principal's collateral, and thereby, in the language of the statute, "Became obligated for all obligations incurred by its principal since it began to do business in the State of Louisiana."

For the reasons assigned, the judgment appealed from is affirmed.

**SMITH et al. v. HOME ACC. INS. CO. et al.**
**No. 14156.**

Court of Appeal of Louisiana. Orleans.
June 27, 1932.

Denegre, Leovy & Chaffe, and J. H. Morrison, all of New Orleans, for appellant.

Titche, Kiam & Titche, of New Orleans, for appellees.

Normann, McMahon & Breckwoldt, of New Orleans, amicus curiæ.

HIGGINS, J.

Drs. Victor C. Smith and Charles A. Bahn sued the Home Accident Insurance Company of Little Rock, Ark., and the American Surety Company of New York, in solido, to recover the sum of $557 for medical fees alleged to have been earned in treating patients, involved in compensation cases, covered by compensation insurance policies issued by the Home Accident Insurance Company, which had filed with the secretary of state a $50,000 bond signed by the American Surety Company, in accordance with Act No. 58 of 1921 (Ex. Sess.).

There was judgment as prayed for, and the American Surety Company alone has appealed.

The defense of the surety company is that plaintiffs' claims are not compensable out of the bond, which it signed as surety, because a bond given under the provisions of Act No. 58 of 1921 (Ex. Sess.) cannot be held for claims other than those arising out of guaranty, fidelity, surety, and bond business transacted in this state.

In the alternative, the surety company pleads that if the court should interpret Act No. 58 of 1921 (Ex. Sess.) as giving plaintiffs a right to recover against the surety company for claims arising out of or connected with injuries under the Compensation Law of this state covered by compensation insurance, then under such a construction Act No. 58 of 1921 (Ex. Sess.) is unconstitutional, as the body of the act is broader than its title and therefore violates section 16 of article 3 of the Constitution of 1921.

The facts in the case are not in dispute and are as follows:

The Home Accident Insurance Company of Little Rock, Ark., a foreign corporation, qualified to do business in the state of Louisiana, and in accordance with Act No. 58 of 1921 (Ex. Sess.), gave a bond in the sum of $50,000 for the protection of Louisiana citizens. This company was engaged in executing guaranty, fidelity, and surety bonds, and its activities also included writing polices of workmen's compensation insurance and its affairs are now being administered by a receiver. The American Surety Company of New York, a foreign corporation duly qualified to do business in this state, was the surety on the said bond.

The allegations of plaintiffs' petition and the proof in the record show that the claim of plaintiffs arose in connection with that phase of the business done by the Home Accident Insurance Company, the principal on said bond, involving the writing of workmen's compensation insurance.

In the case of Bertha Brim, Widow of C. Ryan, v. American Surety Company of New York (No. 31604 of the docket of the Supreme Court) 142 So. 910, decided May 23, 1932, the court held that under the provisions of Act No. 58 of 1921, claims arising out of workmen's compensation insurance in connection with policies issued by the principal on the bond herein are secured by the statutory bond and that the surety was liable for the payment thereof. It is conceded by counsel for the surety company, in argument at bar in this court, that that case is decisive of the first issue presented here.

We now pass to a consideration of the constitutional question presented here which was not raised in Ryan v. American Surety Company, supra, to the effect that the construction placed by the Supreme Court on the provisions of Act No. 58 of 1921 (Ex. Sess.)

914

allowing recovery against the surety as to claims arising out of compensation insurance business renders the act unconstitutional because the body of the act goes far beyond its title.

The title of the act reads as follows:

"Requiring all guaranty, fidelity, surety and bond companies doing business in this State to give a bond with a good and solvent surety or to deposit with the State Treasurer a guarantee fund for the protection of citizens of the State and insuring a compliance with all contracts made by them in the State; and permitting Guaranty, Fidelity, Surety and Bond Companies now doing business in this State to file a bond with the Secretary of State and withdraw any deposit made, and to repeal all laws or parts of laws in conflict with the provisions of this Act."

Counsel for the surety company argues that nowhere in the title of the act is there any mention of contracts of other classifications than guaranty, fidelity, surety, and bond contracts, but that the body of the act, as interpreted by the Supreme Court, sets forth an obligation on the part of the surety, given under the mandate of that statute, to pay claims arising from any contract of insurance or indemnity, and, therefore, the body of the act is broader than the title, consequently, it is constitutional.

█ It is well settled that the party asserting a law to be unconstitutional has the burden of specifically and clearly showing its invalidity. Graves v. State of Minnesota, 272 U. S. 425, 47 S. Ct. 122, 71 L. Ed. 331; Lobrano v. Police Jury, 150 La. 14, 90 So. 423; State v. Coco, 152 La. 241, 92 So. 883; State ex rel. Ellis v. Ferguson, 154 La. 237, 97 So. 415; McNeely v. Town of Vidalia, 157 La. 338, 102 So. 422; State v. Hudson, 162 La. 543, 110 So. 749; In re Carter, 165 La. 1012, 116 So. 491.

In the case of Lacoste v. Dept. of Conservation, 151 La. 909, 92 So. 381, it was held that the title of a law is not to be strictly or technically interpreted, and if it states the object according to the understanding of reasonable men it satisfies the constitutional requirement.

In State v. Coco, supra, it was held that the Constitution does not require that the subject-matter of every provision in an act incident to the main object and purpose should be recited or detailed in the title, and it is sufficient that the general subject is stated in such language as will fairly inform the reader of the object sought to be attained.

In State v. Monteleone, 171 La. 437, 131 So. 291, it was held that title is sufficient if it places persons in interest on reasonable notice to inquire into the statute itself.

See, also, State v. Thrift Oil & Gas Co., 162

La. 165, 110 So. 188, 51 A. L. R. 261; City of Shreveport v. Price, 142 La. 936, 77 So. 883.

█ It is well settled that the presumption is that a law is constitutional and in doubtful cases the doubt must be resolved in favor of the validity of the statute. Magendie v. Constable of First City Court of New Orleans, 4 La. App. 719.

█ Counsel for defendant has not referred us to any case in point, and, in the light of the foregoing authorities, we believe that the title of the act is sufficient to cover the body of the act as interpreted by the Supreme Court. Therefore, we hold that the statute is constitutional.

Counsel for plaintiffs also contended that defendant was estopped to attack the constitutionality of the act, having accepted the benefits of the statute, but we need not consider that issue in view of what we have already said.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.