Helen M. FORSTON, County Assessor of
Grady County, Oklahoma,
Plaintiff in Error,

v.

May HEISLER, and County Board of Equal-
ization of Grady County, Oklahoma,
Defendants in Error.

No. 38120.

Supreme Court of Oklahoma.

June 16, 1959.

Rehearing Denied June 30, 1959.

Barney & Pain, Anadarko, for plaintiff in error.

R. F. Barry, Oklahoma City, for Oklahoma Tax Commission.

Bailey & Hammerly, Chickasha, for defendant in error.

IRWIN, Justice.

May Heisler purchased a house and lot in Chickasha, Oklahoma and paid the purchase price therefor. Title was taken in the name of May Heisler and Percilla Lee Laman as joint tenants and not as tenants in common with the full title to vest in the survivor. May Heisler moved into the home and began occupying it as her homestead, while the daughter, Percilla Lee Laman continued occupying other property as her homestead. On January 22, 1957, May Heisler made application for homestead exemption covering said property and the County Assessor, upon consideration thereof found the property was assessed for $1,200 and allowed a homestead exemption of $600. She appealed to the County Board of Equalization of Grady County and upon hearing, that Board allowed a full exemption of $1,000, from which order the County Assessor perfected an appeal to the District Court.

May Heisler filed a motion to dismiss the appeal upon the grounds that no appeal by the County Assessor lies to the District Court from an action of the County Board of Equalization allowing a full homestead exemption and on the further ground that the proceedings show upon their face that May Heisler is entitled to the full exemption of $1,000.

May Heisler contends that under Title 68 O.S.1951 § 40, (Homestead Exemption Act) the County Assessor does not have the right of appeal from an order of the County Board of Equalization, increasing the amount of homestead exemption over that allowed by the County Assessor. The County Assessor contends that even though the right of appeal is not specifically given him in the Homestead Exemption Act, subse-

quent Legislation, specifically, Title 68 O.S. 1951 § 15.42, gives him the right of appeal.

While it is true the County Assessor is not mentioned in Title 68 O.S.1951 § 40 (Homestead Exemption Act), as one who may appeal from the action or order of the County Board of Equalization, we believe a construction of Sec. 40, supra with Title 68 O.S.1951 § 15.42, in view of general principles of law, as hereinafter set forth, and in conjunction with Art. 5, Sec. 51, and Art. 2, Sec. 6, of the Constitution of Oklahoma and in the light of our own pronouncements, the County Assessor did have and does now have the right of appeal herein and the trial court committed reversible error in denying such right and in dismissing the appeal.

■ The Homestead Exemption Act, Chapter 66, Art. 1, Session Laws 1936, page 52, now Title 68 O.S.1951 §§ 33 to 47, inc. passed by the 16th Legislature at the special session and effective January 8, 1937, is an original act, complete within itself and not amendatory of any other act, especially the Revenue and Taxation Acts. Upon its passage and approval, the Homestead Exemption Act became a part of the overall statute on taxation, now Title 68 O.S.1951, and not being amendatory and being original, and complete within itself, it is supplementary.

The situation here is comparable to the Special Indemnity Fund Act of 1943. That act was original and complete within itself; it was not amendatory of the Workmen's Compensation Act but supplementary thereto, and became a part of the Workmen's Compensation Law, 85 O.S.1951 §§ 1 et seq., 171 et seq. In Special Indemnity Fund v. Farmer, 195 Okl. 262, 156 P.2d 815, 816, we held:

"Statute which is in form original and in itself intelligible and complete and does not, either in title or body, appear to be revisory or amendatory of any existing law, is not within the inhibition of Constitution prohibiting amendment or extension of law by reference to its title only."

In a subsequent case, Special Indemnity Fund v. Davidson, 196 Okl. 118, 162 P.2d 1016, 1017, we said:

"Said 1943 Act was not amendatory to the Workmen's Compensation Law, but was merely supplementary thereto. Special Indemnity Fund v. Farmer, 195 Okl. 262, 156 P.2d 815. It did not create any new benefits or enlarge the right to compensation or increase the amount thereof. It merely shifted the burden of paying the additional permanent disability from the employer or his insurance carrier to the Special Indemnity Fund * * *."

■ The Homestead Exemption Act did not change the tax structure or increase the tax burden. It merely extended an exemption to a particular class of persons, if the exemptions were claimed in the manner provided for in the act. After becoming a part of the taxation statutes of this state, any amendment to the general taxation statutes where applicable, applied also to the Homestead Exemption Act of 1936.

In 1941, the Legislature by Chapter 1A, amended the Revenue and Taxation Statute and Sec. 42, 1941 Session Laws, page 324, by providing that both the taxpayer and the County Assessor shall have the right of appeal from any order of the County Board of Equalization to the District Court of the same County, but confining the appeal of the Assessor to questions of law and the taxability of property claimed to be exempt and not including questions of valuation. In 1947 the ad valorem tax code was again amended, 1947 Session Laws, Chapter 1A, Sec. 8, page 419, 68 O.S.1951 § 15.42, and the right of appeal by the County Assessor was amended to read as follows:

"Both the taxpayer and the County Assessor shall have the right of appeal from *any order* of the County Board of Equalization to the District Court of the same County, and right of appeal of either may be either upon questions of law or fact including value, or upon

both questions of law and fact. * * *"

It is noted from the 1947 amendatory act, no right was taken from the taxpayer as granted under the Homestead Exemption Act, but the right of appeal from any order of the County Board of Equalization to the District Court was maintained for the taxpayer and the right of appeal was granted to the County Assessor *from any order* of the County Board of Equalization upon questions of law or fact, including value or upon both questions of law and fact. The amendatory act did not restrict the County Assessor from appealing from an order of the County Board of Equalization as to questions involving homestead exemptions, but gave the right to the Assessor to appeal from any order. It is reasonable to assume that the Legislature, knowing of the appeal provision of the Homestead Exemption Act, meant to give the County Assessor the right to appeal from any ruling of the County Board of Equalization on the question of Homestead Exemption, or it would have made an exception in the amendatory Act. This it did not do, and having failed to do so, it is logical the Legislature meant to grant the right of appeal to the County Assessor from *any order* made by the County Equalization Board.

In furtherance of our view that the County Assessor has the right of appeal from any order of the County Board of Equalization, including the right of appeal from an order involving the Homestead Exemption Act, attention is called to Rogers v. Oklahoma Tax Commission, Okl., 263 P.2d 409, 412, wherein we said:

" 'In the construction of the statutes, harmony, not confusion, is to be sought. The true rule has often been said to be that, where two acts or parts of acts are reasonably susceptible of a construction that will give effect to both and to the words of each, without violence to either, it should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict.' "

From another angle, we believe the right of appeal was given to the County Assessor to appeal from an order involving the Homestead Exemption Act. 4 C.J.S. Appeal and Error § 18, p. 103, sets out the following rule:

" * * * It is usually held that a statute or constitutional provision conferring, extending, or regulating the right of appeal should be liberally construed for the furtherance of justice, and in order to preserve and maintain the right of appeal * * *."

In case of In re Benson, 178 Okl. 299, 62 P.2d 962, 964, we held:

"Statutes giving the right to appeal are to be liberally construed."

The same wording appears in the first paragraph of the syllabus of Transwestern Oil Co. v. Partain, 188 Okl. 97, 106 P.2d 263, and in the third paragraph of the syllabus of Taylor v. Langley, 188 Okl. 646, 112 P.2d 411.

In 2 Am.Jur. Sec. 7, page 849, we find the following rule:

"Statutes giving and regulating the right of appeal are recognized as remedial in their nature and should receive a liberal construction in furtherance of the right of appeal * * *."

We have followed the above rule. In the case of Shimonek v. Tillman, 150 Okl. 177, 1 P.2d 154, we held in the fifth paragraph of the syllabus:

"A remedial statute must be construed liberally so as to afford all the relief within the power of the court which the language of the act indicates that the Legislature intended to grant. 25 R.C.L. 1077."

and in Russett School District No. C–8 of Johnston County v. Askew, 193 Okl. 102, 141 P.2d 575, we held:

"Section 10, Title 70, Chapter 24, S.L. 1943, 70 O.S.Supp.1943, § 891.10, is remedial, and as such should be construed liberally so as to afford all the relief which the language of the statute

indicates that the Legislature intended to grant."

There can be no question that Sec. 8, of 1947 Session Laws, page 419, is remedial and when the rule above set forth is applied, it is apparent the County Assessor had the right of appeal from the order of the County Board of Equalization.

Reviewing the right of appeal from another angle we find that 4 C.J.S. Appeal and Error § 168, p. 540, lays down this rule:

"It is sometimes laid down as a general rule that, when one party is given the right to appeal, the other party, if cast in the action, cannot be denied the same right, as the right to appeal is reciprocal."

Sustaining this rule is the Illinois case of People v. Sholem, 238 Ill. 203, 87 N.E. 390, wherein the facts are analogous to the case under consideration. The question in the Illinois case was whether or not the state had a right to appeal under the inheritance tax law of that state. The statute in question gave any person or persons dissatisfied with the appraisement or assessment the right to appeal, and did not mention the state's right of appeal. The contention was the state did not have the right of appeal.

The Supreme Court of Illinois reached the conclusion that a proper construction of the statute gave the right of appeal to the state, as well as the other side, and held:

"While the Legislature has power to regulate appeals and writs of errors, it cannot allow an appeal to one party from an adverse decision without allowing it on equal terms to the other party."

See also Caddell v. Fiscal Court of Whitley County, 258 Ky. 114, 79 S.W.2d 407; Illinois Liquor Control Commissioner v. Three Feathers Distributors, Inc., 403 Ill. 578, 88 N.E.2d 15, and Texas Liquor Control Board v. Lanza, Tex.Civ.App., 129 S.W.2d 1153.

We note the case of People v. Sholem, supra, has been quoted by this Court on three different occasions. The first case, School Dist. No. 6 of McClain County v. Board of County Commissioners of McClain County, 108 Okl. 254, 236 P. 21, involved the appeal provision of Section 10321, Comp.St. 1921. A petition, carrying sufficient signatures, was presented to the County Superintendent asking for the creation of a new school district. The County Superintendent denied the petition and an appeal was perfected by one-fourth of the qualified electors to the Board of County Commissioners of McClain County, who on a hearing, reversed the order of the County Superintendent and directed the creation of new district. Original application for writ of certiorari, to be directed to the Board of County Commissioners of McClain County and others, was filed in this Court.

The Appeal portion of Section 10321, Comp.St.1921, applicable to said case, is as follows:

"* * * No district shall be changed under the provisions of this section, except upon a petition to the county superintendent of public instruction, signed by at least one-third (1-3) of the qualified electors of the district petitioning for the change; provided, that one-fourth (¼) of the qualified electors of any district affected by such change may join in an appeal to the board of county commissioners from the action of such county superintendent, and their decision shall be final; * * *"

In construing this statute and determining that the Legislature intended to give the right of appeal to both the proponents and opponents for the creation of a new school district, we said in School Dist. No. 6 of McClain County v. Board of County Commissioners of McClain County, supra [108 Okl. 254, 236 P. 22], and quoted from People v. Sholem, supra;

"This brings us to the inquiry whether the Legislature intended to give the right of appeal only to those who oppose the creation of a new district after such petition had been acted upon favorably to the petitioners who seek to create a new district.

"'The Legislature shall pass no law granting to any association, corpora-

tion, or individual any exclusive rights, privileges or immunities within this state.' Section 51, Art. 5, Constitution of Oklahoma.

" 'The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong, and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice.' Section 6, Art. 2, Constitution of Oklahoma.

"The question of the construction of a statute that gives the right of appeal to one party and not to the other party was considered by the Supreme Court of Illinois in the case of People v. Sholem, 238 Ill. 203, 87 N.E. 390, the syllabi of which are as follows:

\* \* \* \* \* \*

" 'Statutes giving the right of appeal should be liberally construed in furtherance of justice, and a statute which, literally construed, gives an appeal to only one party, should be construed, if possible, so as to give the same right to the other party.

" 'While the Legislature has power to regulate appeals and writs of error, it cannot allow an appeal to one party from an adverse decision without allowing it upon equal terms to the other party.'

\* \* \* \* \* \*

"It is hardly conceivable that the Legislature intended to create in the county superintendent the sole power to determine whether a new district should be created. Oklahoma is practically a new state. In many sections of the state both the population and wealth increase rapidly, and the necessity for a school district may become readily apparent, and, where such a condition arises, the people affected would be without an adequate remedy should the county superintendent arbitrarily and without reason refuse to create an additional district, even though all the necessary requirements were met. *We do not believe that the Legislature intended such a construction upon the section under discussion and we therefore hold that the statute permits an appeal from the county superintendent in denying to the petitioners the creation of a new district."* (Our emphasis.)

In the case of Graves v. Bowles, 135 Okl. 109, 274 P. 467, we again quoted from People v. Sholem, supra, and we also referred to and copied Sec. 51, Art. 5, and Sec. 6, Art. 2, of the Constitution of Oklahoma. And in the case of In re School Dist. No. 62, 180 Okl. 297, 299, 69 P.2d 367, we again quoted from People v. Sholem, supra, and again quoted Sec. 51, Art. 5, and Sec. 6, Art. 2, of the constitution of Oklahoma.

Reference is also made to the case of In re Hapeman's Estate, Kearney County v. Hapeman, 102 Neb. 550, 167 N.W. 792. In the body of the opinion the Court said:

"The question is important from whatever angle it may be viewed. The county as a unit of government is a representative of the sovereign power, the state, in matters affecting revenue, and as such it has a vital interest in questions relating to revenue. A person whose inheritance is affected by the tax in question is also interested, and neither the state nor the individual should be denied the right of having an adverse decision reviewed. The law favors the right of appeal, and that, too, on equal terms and without discrimination as to either party. It is elemental that a statute providing otherwise would be unconstitutional. It is held generally that if a statute grants the right of appeal to one party, such statute will not be construed to be exclusive as to the other party."

See also State v. Odd Fellows Hall Ass'n, 123 Neb. 440, 243 N.W. 616; State ex rel. Ellis v. Ferguson, 154 La. 237, 238, 97 So. 415.

For the foregoing reasons we hold that the County Assessor had the right of ap-

peal and the court committed reversible error in dismissing the appeal.

The cause is reversed and remanded with instructions to the trial court to set aside the order dismissing the appeal, and reinstate the appeal.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD and JACKSON, JJ., concur.