Federal Funds — Disbursement — Blind H. B. No. 1103 does not appear to be unconstitutional in light of Article V, Section 57, Oklahoma Constitution. The Department of Libraries shall receive and administer all federal funds under the Library Services and Construction Act, and will alter its state plan with respect to the services for the blind or physically handicapped to reflect the Oklahoma Public Welfare Commission's participation, and the applicable federal funds will be disbursed by the Department of Libraries to the Commission as other funds are disbursed to other participating libraries, or agencies. The State Department of Libraries is legally authorized to receive and administer the funds, however, if the federal authorities disagree, their decision would be determinative. The Attorney General has considered your request of recent date for an official opinion on the following questions: 1. Is Section 2 of Enrolled House Bill No. 1103, 32nd Legislature, First Session, constitutional in light of Article V, Section 57 Oklahoma Constitution. 2. Does Enrolled Senate Bill No. 639, 31st Legislature, Second Session (56 O.S. 328 [56-328] — 56 O.S. 331 [56-331]) transferring the Division of Vocational Rehabilitation and the Section of Services to the Blind to the Public Welfare Commission take away the authority of the Oklahoma Department of Libraries to administer or supervise federal funds for the blind and physically handicapped allotted to Oklahoma under the provisions of the Library Services and Construction Act, sub chapter IV, Part B (20 U.S.C.A. Sections 355f-7)? 3. Under the provisions of the Library Services and Construction Act (20 U.S.C.A. Section 351 et seq., as amended), particularly Sections 351, 354, 355f-7, 356 and 358(b), may any other agency than the state library agency receive, administer and supervise federal funds allotted to the State under sub chapter IV, Part B? 4. In the light of the answers to the above questions, is there clear and sufficient legal authority for any agency of State government to receive, administer and supervise the federal funds allotted to Oklahoma under LSCA sub chapter IV, Part B? 5. If the answer to 4 is yes, what is this agency? The pertinent portions of Article V, Section57 Oklahoma Constitution, are as follows: "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, . . . Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof." An examination of the said H.B. No. 1103 leads us to the conclusion that the language in section 2 thereof does not apparently digress from the subject matter of the act as expressed in the title. The Attorney General is therefore of the opinion that your first question be answered affirmatively, that H. B. No. 1103 does not appear to be unconstitutional in light of ArticleV, Section 57 Oklahoma Constitution. With respect to your second question, 56 O.S. 330 [56-330] (1968), provides: "The Oklahoma Public Welfare Commission shall use such monies in the State Assistance Fund as may be necessary to operate and maintain the Division of Vocational Rehabilitation and the Section of Services to the Blind, and to earn the maximum federal funds available to this State for vocational rehabilitation and services to the blind. The Commission shall be the sole agency of the State of Oklahoma to cooperate with, and to receive and administer grants and other funds from, the U.S. Department of Health, Education, and Welfare, or any other federal agency, in programs for the vocational rehabilitation of disabled persons and for services to the blind." Said sections 330 would seem to be determinative of your question, were it not for language appearing in H. B. No. 1103, Section 2(d), 32nd Oklahoma Legislature, 1st Session (1969). Said subsection provides: "All federal requirements for interlibrary cooperation and consultation shall be observed; and entitlement of the Department of Libraries to receive federal funds for library services or construction shall not be impaired by any State law prescribing the duties, responsibilities and functions of the Section of Services to the Blind." In order to reconcile the above two provisions, there must be utilized accepted rules of construction. The Oklahoma Supreme Court stated in the second paragraph of the syllabus in Forston v. Heisler Okl., 341 P.2d 252 (1959): "In construing statutes, harmony, not-confusion is to be sought and when two acts or parts thereof are reasonably susceptible of a construction that will give effect to both and the words of each, without violence to either, it should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict." In accordance with the above rule, the two provisions construed together would result -in an expression of legislative intent that the Oklahoma Public Welfare Commission shall use funds in the State Assistance Fund as necessary to operate and maintain the Division of Vocational Rehabilitation and the Section of Services to the Blind and shall receive grants and funds from the U.S. Government; however, as required under the applicable federal statute, the State Library Agency, i.e. the State Department of Libraries, will continue to initially receive all funds for all library services. In accordance with the requirement of the federal act that the State Library Agency cooperate with all libraries, agencies or organizations and that they be allowed an opportunity to participate in the program, and also in accordance with the manifest intent of the Oklahoma Legislature that the Department of Libraries "shall not be impaired" from receiving federal funds "by any state law prescribing the duties, responsibilities and functions of the Section of Services to the Blind," it is the further opinion of the Attorney General that the Department of Libraries shall receive and administer all federal funds under the Library Services and Construction Act, and will alter its state plan with respect to the services for the blind or physically handicapped to reflect the Oklahoma Public Welfare Commission's participation, and the applicable federal funds will be disbursed by the Department of Libraries to the Commission as other funds are disbursed to other participating libraries, or agencies. In answer to your fourth and fifth questions, it is well to note that our interpretation of a federal act is not binding on the federal agency involved. As expressed above, we are of the opinion that the State Department of Libraries is legally authorized to receive and administer the funds, however, if the federal authorities disagree, their decision would be determinative. (Dell Gordon)