Pesant v. Heartt.

## No. 2234.—M. PESANT *v.* H. G. HEARTT.

If the plaintiff's demand is less than five hundred dollars, but the reconventional demand of the defendant is above that amount, the Supreme Court will only notice the appeal in so far as it affects the reconventional demand

A lessee, receiving the premises in good order, is authorized to make the necessary repairs to keep them in that condition, and deduct the cost from the rent, and his omission so to do will not authorize a claim for damages, so long as the rent due is sufficient to defray the expenses of making the repairs.

A suit to eject a tenant and recover possession of the leased premises, is a summary proceeding, and a jury trial is not allowed in such a case, unless by express provisions.

APPEAL from the Fourth District Court, for the parish of Orleans. *Théard,* J.  *Breaux & Fenner,* for plaintiff and appellee.  *Brice & Mitchell,* for defendant and appellant.

HOWELL, J.  In this appeal, two suits are consolidated.  The first is for four months' rent, at $100 per month, in which defendant sets up a plea in reconvention for repairs, amounting to $125, and $788 for loss and damages resulting, as alleged, from the loss of a subtenant, who left the part of the premises rented to him on account of its untenantable condition.

We can consider only the appeal on the reconventional demand; plaintiff's claim being for less than five hundred dollars.  3 R. 387; 10 438; 11 R. 12; 6 An. 579.

An examination of the evidence does not convince us that the judge *a quo* erred in rejecting this demand.  The written lease, signed on the sixteenth of October, 1867 (the month in which the repairs were made), stipulates that the premises are in good order, and the lessee agrees to keep them so during the term of the lease.  This is corroborated by other evidence, from which it appears the price was fixed with reference to the intention of the lessee to make repairs at his own expense, and for his convenience.  He also paid several months' rent after this, without claiming a deduction for said repairs, and he never made such a claim until the institution of this suit, in January, 1869, some fourteen or fifteen months after the repairs were made.  But if it were not so, he would not be justified in perpetually refusing to pay any rent.  Articles 2663, 2664, C. C., regulate this subject.  The latter provides that, if the lessor refuses to make the necessary repairs as required by the former, when called on to do so, the lessee may himself cause them to be made, and deduct the price from the rent, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable.

The other item of the demand is also unsustained.  It is for the rent under the sublease, from the first of November, 1868, to the expiration of the lease—first of November, 1869.  This suit was brought in January, 1869, and embraces the rent for the four preceding months.  The time subsequent could form no element of damages to offset the rent of those months, under the evidence.  But, under the principle above

cited, the omission of the lessor to make necessary repairs will not authorize a claim for damages, where the rent is sufficient to enable the tenant to make them. See 4 R. 429. And, furthermore, the district judge was not convinced that the subtenant left on account of the want of repairs.

The second suit was filed on the second of February, 1869, and is for the ejectment of the tenant, under the act of 1855. The defense is substantially that urged to the claim for rent.

The first question is presented by a bill of exceptions taken to the ruling of the district judge in refusing the defendant a trial by jury.

The judge did not err. The act of 1855 makes this a very summary proceeding, and requires it to be tried at all times by preference, after three days' notice. In summary proceedings, jury trials are not had, unless expressly allowed.

The two cases were tried on the same evidence, and the result in the first, necessarily disposes of this. There being no legal ground for resisting the payment of the rent due, it follows that there is no legal defense to the demand for the possession of the leased premises, the contract of lease being violated by the tenant.

It is therefore ordered that the judgments appealed from herein be affirmed, with costs.