PROVOSTY, J.
Defendant moves to dismiss the appeal on several grounds, which we shall take up and dispose of seriatim.
First. That all the parties to the judgment have not been made parties to the appeal. The parties left out of the appeal are the citizens at whose request the district attorney brought the suit, and whom, although not named in the petition as parties to the suit, the lower court condemned to pay the costs. The judgment, in so far as thus rendered against persons not parties to the suit, i-s, of course, not worth the paper it is written on, and cannot affect the right of the state to appeal in' precisely the same manner as if the judgment had been rendered against her alone.
It may be well, in justice to the judge a quo, to explain that there was not wanting plausible ground on which to render such a judgment. Act No. 135, p. 184, of 1880, is the enabling act of article 196 of the Constitution of 1879. It provides for the bringing of suit by the district attorney at the request of citizens for the removal of officers from office, precisely as the intrusion into office act provides for the bringing of suit by the district attorney to prevent officers from intruding into office. Differently, however, from the. intrusion into office act, it requires that the citizens at' whose request the suit is brought shall be made parties, and, in case of adverse judgment, shall be condemned to pay thq costs-. ■ The two' acts are distinct and different, and provide for different cases, but on casual reading might be taken to cover the same ground. That the complaining: citizens need not be-made parties to an intrusion into, office suit * whs expressly decided in the former suit against the same defendant. Miller y. Reid, Sheriff,' 45 |/a.; Ann. 162, 12 South. 189.
.Second. The second ground is. that' no bond;of .appeal Ms been furnished. The state is dispensed from furnishing bond (State ex rel. v. Sheriff, 45 La. Ann. 1231, 14 South. 130); and, as just said, the state is the only appellant in the case.
This ground is predicated on the assumption that the complaining citizens are parties to the judgment, in which case, as a matter of course, bond would have had to be furnished; but that assumption, as herein-above stated, is erroneous.
■The third, and last, ground is that the transcript is incomplete, in that it contains *109 only a part of the proceedings had in the suit. The suit was disposed of on exception of no cause of action, and therefore all that the transcript needed to contain was the petition, the exception, the judgment, and the minutes of the court; and this it contains. Succession of Townsend, 36 La. Ann. 535; Succession of Begue, 112 La. 1046, 36 South. 849.
The certificate of the clerk, as typewritten, is in the usual form; that is to say, to the effect that the “foregoing pages contain a true and correct transcript of all the documents filed, testimony and evidence adduced, and all proceedings had upon the trial ■of the above numbered and entitled suit.” But the word “and,” before the word “entitled,” has a pen mark run through it, and in its place is a caret, and above the caret is written with pen the words “exception in”; so that, as thus amended, the certificate reads: “All proceedings had upon the trial, of the above-numbered exception in entitled suit.” This peculiarity of the certificate, however, was not made one of the grounds of the motion to dismiss. In fact, on the 7th of June, when the motion to dismiss was filed, this certificate had not yet been filed. At that time the transcript contained no certificate- of any kind. But the appeal had been granted on the 1st of June and was returnable in 10 days, so that the appellant was yet in time to obtain a more regular certificate. But the certificate as it stands is sufficient, since the case was disposed of in the lower court on the exception.
The motion to dismiss must therefore be -overruled.