(70 South. 97)

No. 21422.

STATE ex rel. DE BELLEVUE, Dist. Atty., v. EGAN.

(Oct. 18, 1915.   Rehearing Denied Nov. 15, 1915.)

*(Syllabus by Editorial Staff.)*

1. OFFICERS ⬦⟾61—REPEAL—RE-ENACTMENT OF CONSTITUTIONAL PROVISION — REMOVAL OF OFFICERS.

Since that part of Const. 1879, art. 201, making it the duty of district attorneys to bring suit to remove public officers on request of a specified number of citizens, was reproduced in the same words in the Constitutions of 1898 and 1913 (article 222), Act No. 135 of 1880, which was enacted to carry into effect article 201, and provides that the names of the petitioning citizens shall be set forth in the petition, is still in force; a constitutional provision or a statute being continued in force, and not repealed, by being re-enacted.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 90; Dec. Dig. ⬦⟾61.]

2. MUNICIPAL CORPORATIONS ⬦⟾159—REMOVAL OF MAYOR—TAXATION OF COSTS—PETITION.

Where the petition in a suit brought by the district attorney to remove the mayor of a city stated that the suit was brought on the written request of 25 citizens, which written request is "hereto attached and made part hereof," this was a sufficient compliance with Act No. 135 of 1880, § 1, requiring that the names of the petitioning citizens "be set forth in the petition," to authorize taxation of costs against such citizens on acquittal of the officer, as expressly provided by Const. 1879, art. 201, as re-enacted in the Constitutions of 1898 and 1913 (article 222).

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 350–356; Dec. Dig. ⬦⟾159.]

Certiorari to Court of Appeal, Parish of Acadia.

Suit by the State, on the relation of C. B. De Bellevue, District Attorney, against Wm. M. Egan. A judgment dismissing the petition was affirmed by the Court of Appeal, and relator applies for certiorari. Judgment of Court of Appeal set aside, and case remanded.

C. B. De Bellevue, Dist. Atty., of Crowley (Percy T. Ogden, of Crowley, of counsel), for appellant. Harry W. Gueno and Philip S. Pugh, both of Crowley, for appellee.

PROVOSTY, J. [1] Article 201 of the Constitution of 1879 provided that it should be the duty of district attorneys to institute suit for the removal of public officers "on the written request and information of citizens and taxpayers," whose number should be 25 in the case of a district, parish, or municipal officer, and 10 in the case of a ward officer.

The Constitution of 1898 made a change by which, while it should still be the duty of the district attorney to institute such suits at the request of citizens, he might dispense with such request and institute suit of his own motion. Article 222.

The Constitution of 1913 re-enacted this article 222 in the same words.

The said article 201 of the Constitution of 1879 provided further as follows:

"In all such cases the defendant, the state, and the citizens and taxpayers on whose information and at whose request such suit was brought, or any one of them shall have the right to appeal. * * * In all cases where the officer * * * shall be acquitted, judgment shall be rendered jointly and in solido against the citizens signing the request for all costs of the suit."

This provision was repeated in the Constitutions of 1898 and 1913 (article 222).

An enabling act for carrying out article 201 of the Constitution of 1879 was passed in 1880 (Act 135, p. 184, of that year). By section 1 of this act it is provided that in such a suit the petition must allege that the suit is "instituted on the written request and information" of the citizens, and that the names of these citizens "shall be set forth likewise in the petition."

The part of article 201 of the Constitution of 1879 which the said act was designed to carry into effect was reproduced in the same words in the Constitutions of 1898 and 1913, and therefore the said act is still in force; for a constitutional provision or a statute is not repealed by being re-enacted, but is continued in force.

[2] A suit for the removal of an officer may, then, be instituted in two ways: Either by the district attorney on his own motion; or by him at the request of citizens. And when in the latter form, the names of the citizens must be set forth in the petition; and these citizens may be condemned to pay the costs in case the suit is unsuccessful.

The present suit is for the removal of the mayor of the city of Crowley. The petition alleges that the district attorney brings the suit, "having been requested in writing by at least 25 citizens and taxpayers of the city of Crowley to so proceed, as per written request and information therein given, hereto attached and made part hereof." And the statement is made in the brief of relator, and not denied anywhere, that the certified copy of the petition served upon the de-

fendant included the document thus attached to and made part of the petition.

Defendant excepted to the petition on the ground that the names of the citizens were not set forth in it. This exception was sustained by the district court, and the suit dismissed. On appeal to the Court of Appeal, this judgment was affirmed; and the district attorney then filed the present application to this court.

He contends that, inasmuch as he is authorized to dispense with the request of the citizens in bringing such a suit, the failure to set forth the names of the citizens is insignificant, but that, if the setting forth of the names is indispensable, it has been done, since the written request and list of names is attached to and made part of the petition, and was served on the defendant as forming a part of the petition.

Whatever merit the first of these contentions may have, the second is certainly well founded. The law does not require that the suit shall be brought in the names of the citizens, but only that their names shall be set forth in the petition; and what more effective setting forth can there be than the making part of the petition the very document itself presented to the district attorney by the citizens. Nothing is better settled in our law than that a document so annexed and made part is not only embodied into the petition, but is actually the most significant part of it, or, in other words, controls the other allegations contained in it. Teutonia Bank v. Wagner, 33 La. Ann. 732. In a suit brought like the present one under Act 135 of 1880, this court said:

"The petition, taken in connection with the annexed documents, state the charges fully, and a cause of action is set out."

The judgment of the Court of Appeal is therefore set aside, and this case is remanded to that court to be proceeded with in accordance with the views herein expressed, and according to law.