*337
 
 O’NIELL, Chief Justice.
 

 A group of more than six hundred men and women presented a petition to the Judge of the District Court for the Twenty-fifth Judicial District, composed of the parishes of St. Bernard and Plaquemines, requesting the judge to appoint an attorney to bring suit to remove the District Attorney from office, for incompetence, favoritism and oppression in office. The petitioners alleged that they were citizens and taxpayers in the judicial district; but they did not cite any facts to evidence the alleged incompetence, favoritism or oppression in office, except that they referred to an instance of an alleged failure of the district attorney to present to the grand jury “in a proper manner and according to the laws of this State” a certain case of homicide, said to have been committed at a place called Violet, in St. Bernard Parish, in August, 1939.
 

 On the same day on which the petition was filed, and before the judge acted upon it, the district attorney filed an exception, pleading that the court did not have jurisdiction ratione materiae and that the petition did not show a cause or right for granting the relief prayed for by the petitioners. The exception to the jurisdiction and the exception of no cause of action were really only one and the same complaint, namely, that the citizens and taxpayers, in their petition, did not “specify the charges” against the district attorney, —as the Constitution requires. The judge, after hearing arguments on the district attorney’s exception, maintained it, and dismissed the petition of the citizens and taxpayers. They have brought the matter here on a writ of certiorari and alternative writs of prohibition and mandamus.
 

 The relators are proceeding under authority of Sections 1 and 6 of Article IX of the Constitution. Section 1 provides that all state and district officers, whether elected or appointed, shall be liable to impeachment for high crimes and misdemeanors in office, incompetency, corruption, favoritism, extortion, or oppression in office, or for gross misconduct, or habitual drunkenness. And Section 6 provides:
 

 “For any of the causes enumerated in Section 1 hereof, any officer, whether State, district, parochial, or of a ward or municipality, except the Governor, Lieutenant-Governor, and judges of the courts of record, may be removed by judgment of the district court of his domicile. The Attorney General or district attorney may, in his discretion, institute such suit, and shall do so (except when the suit is to be brought against himself) on the written request, specifying the charges, of twenty-five citizens and taxpayers, or of the Governor, in the case of State, district, parochial or municipal officers, and of ten resident citizens and taxpayers in the case of ward officers. Suits against the Attorney General shall be brought at the place where he discharges his offiicial duties by the district attorney of that district, and suits against a district attorney shall be brought by the Attorney General or the district attorney of an adjoining district, or by an attorney appointed by the court, whenever requested to do so, as above set forth.”
 

 
 *339
 
 The judge, in his written reasons for dismissing the petition, and again in his answer to the alternative writs issued by this court, holds that his court did not have jurisdiction ratione materiae because the petitioners did not “specify the charges” which were to be brought against the district attorney in the suit to remove him from office. Section 6 of Article IX of the Constitution, as we have shown, declares that a suit to remove a district attorney from office, for any of the causes enumerated in Section 1, shall be brought by the Attorney General, or by the district attorney of an adjoining district, “or by an attorney appointed by the court, whenever requested to do so, as above set forth.” The judge points out that this phrase, “as above set forth”, has reference to the preceding declaration that the attorney general or district attorney may institute such suit, in his discretion, and shall do so (except when the suit is to be brought against him) on the written request, specifying the charges, of twenty-five or more citizens and taxpayers. And the judge, maintains that this phrase “specifying the charges” means that the charges shall be specified in as minute detail, in the petition requesting the appointment of an attorney to bring the suit, as in the petition of the attorney himself, when he brings the suit to remove the district attorney from office. ■ If that should be the correct interpretation of the phrase “specifying the charges”, — in its application to a request of twenty-five or more citizens and taxpayers to have an attorney appointed to bring a suit to remove a district attorney from office, — the logical inference would be that the charges to be made by the attorney in his suit for removal of the district attorney would be confined to the allegations made in the written request of the twenty-five or more citizens and taxpayers.
 

 But we must bear in mind that the petition or written request of the twenty-five or more citizens and taxpayers, for the appointment of an attorney to bring suit to remove a district attorney from office, is not such a petition as one which marks the beginning or bringing of .the suit itself. In fact “the written request” of the twenty-five or more citizens and taxpayers is not even called a “petition” in the Constitution. Certainly such a petition need not set forth the facts in such detail as to withstand an exception of no cause of action, or an objection to the admissibility of evidence to support the charges made in the petition, or written request, of the citizens and taxpayers.
 

 In the case entitled In re Byrne, District Attorney, 193 La. 566, 191 So. 729, 730, only sixteen months ago, we held that it was not required by the Constitution, or by Act No. 135 of 1880, carrying out similar provisions in the Constitution of 1879, that the appointing of an attorney to bring a suit to remove a district attorney from office, on the written request of twenty-five or more citizens and taxpayers, should be done in a proceeding had contradictorily with the district attorney, but might be done by an ex parte order of the judge. And we said that the district attorney would have ample opportunity to except to the petition when filed by the attorney appointed to bring the suit, if he failed to set forth such facts as
 
 *341
 
 would disclose a cause of action. We decided in that case that the district attorney was not entitled to an appeal from the ex parte order appointing'an attorney to bring a suit to remove him from office; and the reasons which we gave are very appropriate to this case. For example, we said:
 

 “The district attorney will have ample opportunity to except to the petition when the suit is filed, if the petition fails to set forth in detail such facts as will disclose a cause of action. We doubt that it is necessary to set forth such facts in detail in the request for the appointment of an attorney to institute a suit like this; but that question also may be presented by way of an exception to the proceedings when the attorney files his suit. It is for that reason perhaps that the law does not require, in a case like this, that the appointment of an attorney to institute the suit shall be made in a proceeding had contradictorily with the district attorney. In that respect the proceeding is similar to an appointment of an attorney or curator ad hoc to institute a suit in behalf of someone who cannot bring the suit himself.”
 

 Our opinion is that the phrase “specifying the charges,” as used in Section 6 of Article IX of the Constitution, means stating specifically which charge or charges shall be brought, among those enumerated in Section 1 of that article of the Constitution. This phrase “specifying the charges” merely denotes a condition on which the written request of the given number of citizens and taxpayers shall oblige the attorney general, or the district attorney, as the case may be, to bring the suit. The attorney general or district attorney- “may, in his discretion, institute such suit,” without being requested to do so by anyone, — except, of course, that neither of these officials can bring the suit against himself. The concluding phrase, in this section of the Constitution, “whenever requested to do so, as above set forth,” is construed generally to mean whenever the judge is requested to appoint an attorney to bring suit to remove the district attorney. We assume, for the sake of argument, that that is a correct interpretation, although it is certain that the preceding phrase, “on the written request, specifying the charges,” has reference to the request which is to be made to the attorney general himself, or the district attorney, as the case may be. According to the rules of grammatical construction, the phrase, “whenever requested to do so, as above set forth,” might well mean whenever the attorney appointed by the judge to bring the suit is requested to do so by the given number of citizens and taxpayers. But the common sense of it seems to be that the judge shall appoint an attorney to bring the suit whenever the judge is requested to do so by the given number of citizens and taxpayers, specifying which charge or charges shall be made, among the charges enumerated in Section 1 of Article IX of the Constitution; and it must be presumed that the petitioners will give to the attorney appointed by the judge all of the information that is available, to enable him to prepare and to maintain the suit. The citizens and taxpayers who sign such a petition make themselves liable jointly and in solido for
 
 *343
 
 all costs of the suit, and perhaps for an attorney’s fee, if the judgment goes, in favor of the defendant. Const. Art. IX, § 7, par. 3; Act No. 135 of 1880, § 10, p. 186; Glisson v. Biggio, 139 La. 23, 71 So. 204.
 

 There is no occasion for deciding now what course the proceeding should take if the attorney, after being appointed to bring the suit, and after making a thorough investigation of the facts submitted to him by the citizens and taxpayers who requested his appointment, should advise against bringing the suit.
 

 The judge, in his answer to the writs in this case, points out that the phrase, “on the written request, specifying the charges, of twenty-five citizens and taxpayers,” in Section 6 of Article IX of the Constitution of 1921, was not exactly the same in the corresponding article in the Constitution of 1879, article 201, or in that of. 1898 or 1913, art. 222. In the Constitution of 1879, in Article 201, it was made the duty of the district attorney to bring a suit to remove a public officer “on the written request and information of twenty-five resident citizens and taxpayers.” That was construed to mean that the district attorney did not have authority to bring such a suit on his own motion, or without the written request of the given number of citizens and taxpayers. State ex rel. De Bellevue, District Attorney v. Egan, 138 La. 201, 70 So. 97. The same phrase was retained in article 222 in the Constitution of 1898 and also in the Constitution of 1913; but in those Constitutions the district attorney was given the authority to bring the suit “whenever in his opinion sufficient cause” therefor existed. That' change was recognized in State ex rel. De Bellevue, District Attorney v. Egan, supra. In Article 201 of the Constitution of 1879, it was provided: “Such suit shall be brought against a district attorney by the district attorney of an adjoining district, or by counsel appointed by the judge for that purpose.” In Article 222 in the Constitution of 1898 and in the Constitution of 1913 this change was made: “Such suit shall be brought against a District Attorney upon such written request and information by the District Attorney of an adjoining district, or by counsel appointed by the judge for that purpose.” And, now, in the Constitution of 1921, the phrase, “whenever requested to do so,, as above set -forth,” is substituted for the phrase, “upon such written request and information." There is nothing in these changes to indicate that the judge has not jurisdiction or authority to appoint an attorney to bring suit to remove the district attorney from office, unless the petition requesting the appointment is more specific than a mere statement of one or more of the causes enumerated in Section 1 of Article IX of the Constitution.
 

 The judge in this case held that he had no discretion in the matter, no alternative but to dismiss -the petition or request of the citizens and taxpayers, for want of jurisdiction ratione materiae. In his answer to the rule to show cause the judge says that “the petitioners are conceded to be at least twenty-five citizens and taxpayers, but the charges against the
 
 *345
 
 district attorney are not specified,” and so forth. For that reason alone the judge held that his court had not jurisdiction ratione materiae. In fact his court — and no other court — has original jurisdiction over the subject matter. The word “jurisdiction” in its technical sense is not synonymous with “authority,” although it is sometimes employed in that sense. 23 Words and Phrases, Permanent Edition, pp. 358, 362, 363, 364, 369. The exception filed by the district attorney in this case was not an exception to the jurisdiction of the court. In the case entitled In re Perez, District Attorney, 194 La. 763, 194 So. 774, 777, it was pointed out that, in the case entitled In re Byrne, District Attorney, supra, the defendant “did not attack the jurisdiction of the court ratione materia:,” notwithstanding one of the two complaints made by the defendant, Byrne, was 'exactly the same that is made by the defendant in this case; that is, that the twenty-five citizens and taxpayers did not “specify the ’charges” in their request for the appointment of an attorney to bring the suit. The only other complaint made by Byrne was that the appointment of the attorney was made in an ex parte order, and without notice to Byrne< It is true that Byrne’s complaint was not' an exception to the jurisdiction of the court ratione materiae. Likewise, the defendant’s complaint in this case was not an exception to the jurisdiction of the court ratione materiae. It is true that Byrne’s plea was not made before the judge acted upon the request for the appointment of an attorney to bring the suit; but that was because the appointment was made by an ex parte order. And it is well settled that an exception to the jurisdiction of a court, ratione materiae, may be filed at any time. In fact the court said in the case entitled In re Perez, District Attorney, supra, that a judge should notice ex proprio motu a lack of jurisdiction ratione materiae,— thus:
 

 “It is elementary that a judge must, ex-officio, take notice of any lack of jurisdiction ratione materias.”
 

 The judge, in his answer to the rule to show cause in this case, contends that the relators were entitled- to a suspensive appeal from his judgment, dismissing their petition, or written request, for the appointment of an attorney to-bring the suit. Hence the judge contends that the relators were not entitled to a writ of certiorari, or prohibition or mandamus. When a judge refuses to exercise jurisdiction on the ground that his court has no.t jurisdiction ratione materiae, in a case over which his court in fact has jurisdiction ratione materiae, the error is subject to correction by writs of certiorari and mandamus. And by the Same token if a judge exercises jurisdiction in a case in which his court has not jurisdiction ratione materiae the remedy is by certiorari and prohibition.
 

 The rule issued in this- case, directing the judge of the district, court to show cause why the relief prayed for by the relators should not be granted, is now made absolute, and, accordingly, the judge is directed to make the appointment of an attorney to bring the suit.