107 So.2d 455

Leander H. PEREZ, District Attorney,

v.

James LICCIARDI and Celestine Melerine.

No. 44200.

Dec. 15, 1958.

John P. Dowling, F. Irvin Dymond, New Orleans, for defendants.

L. H. Perez, Dist. Atty., Rudolph M. McBride, 1st Asst. Dist. Atty., Leander H. Perez, Jr., 2nd Asst. Dist. Atty., New Orleans, for respondents.

SIMON, Justice.

This case comes before us on alternative writs of certiorari, prohibition, and mandamus to determine the validity of suspension proceedings initiated against relators in the 25th Judicial District Court for the Parish of St. Bernard.

Relators, Celestine Melerine and James Licciardi, are presently President and Vice-President, respectively, of the St. Bernard Parish Police Jury.

On June 21, 1958, both Melerine and Licciardi were charged with and convicted of criminal malfeasance in office and these convictions are presently pending before us on appeal.

On April 15, 1958, during the pendency of the criminal trial, the District Attorney for the Parish of St. Bernard, respondent herein, instituted ouster proceedings in the District Court to remove relators from office under the provisions of Section 7 of Article 9 of our Constitution,[1] LSA.

1. "Ten days citation shall be allowed in all suits to remove, and they shall have preference throughout over all other cases. The State, Attorney General, district attorney, or any person at whose instance a suit is brought, may appeal,

After the overruling of certain preliminary exceptions and pleas, relators filed answer on June 6 and therein prayed for a trial by jury. The District Judge denied relators' request whereupon defendants moved for and obtained a suspensive appeal returnable to the Court of Appeal, Orleans Court, where the matter is presently pending.

During the interim in which the District Judge had under advisement the right of relators to a suspensive appeal, the District Attorney, acting under authority of the second paragraph of Section 7, Article 9 of the Constitution filed with and was granted a motion by the judge for a rule *nisi* ordering relators to show cause on July 17, 1958 why they should not be suspended from their respective offices. On the return date of said rule relators filed a plea to the jurisdiction of the Court ratione materiae, and, with full reservations of said plea, moved for a trial of the rule by jury. On the same day after hearing, both the exception and the motion were overruled. From this ruling, relators moved for a suspensive appeal which was denied. Relators then applied to the Court of Appeal, Orleans Circuit, for remedial writs which were likewise denied. Whereupon, writs to this Court were sought and granted under our supervisory power over all inferior courts of the state as provided in Section 10, Article 7 of the Louisiana Constitution of 1921.

■ Relators have not seriously pressed their claim before this Court to the right to a trial by jury of the suspension proceedings. Suffice it to say in this connection that the summary nature of the suspension proceeding, through rule nisi and contradictory hearing, necessarily requires this proceeding to be heard before the trial judge without a jury. Code of Practice, Arts. 755, 756; Prudhomme's Heirs v. Walmsley, Man.Unrep.Cas. 374; Pesant v. Heartt, 22 La.Ann. 292.

■■ Relators have focused their argument both orally and in their subsequently-filed brief on the propriety of the trial court's hearing the merits of the suspension proceeding. They advance two contentions why the trial court should not be allowed to proceed any further in the suspension matter. First, they contend that

and in cases of state and district officers, the appeal shall lie to the Supreme Court; all other appeals shall lie to the courts of appeal having territorial jurisdiction.

"No suit for removal shall work a suspension from office; but the trial court may, by rule nisi and contradictory hearing, after ten days notice, suspend any officer, subject to a review by the proper appellate court, and such office shall be filled by the appointing power until the cause is finally decided.

"In any cause finally decided in favor of a defendant officer, he shall recover judgment for all costs and a reasonable attorney's fee."

the District Court has lost jurisdiction on the entire matter through the perfection of a suspensive appeal to the Court of Appeal on the interlocutory decree of the District Court denying relators a trial by jury of the ouster action. Second, they suggest that Section 7 of Article 9 of the Constitution is ambiguous in its result, if not in its wording.

The basis of relators' first contention is Art. 575 of the Code of Practice which provides that the perfection of a suspensive appeal "shall stay execution and all further proceedings, until definitive judgment be rendered on the appeal." This is a general provision and would be applicable if not superseded by a more direct provision specifically relating to suspension proceedings. We need look no further than Article 9, Section 7 of the Louisiana Constitution which sets forth, as previously observed, that:

> "* * * No suit for removal shall work a suspension from office; but the trial court may, by rule nisi and contradictory hearing, after ten days notice, suspend any officer, subject to a review by the proper appellate court, and such office shall be filled by the appointing power until the cause is finally decided. * * *"

A careful analysis of the above-quoted provision clearly shows that there is no limitation as to when the trial court may hear the rule *nisi* for suspension other than the requirement for ten days' notice. The only time requirement for the filing of a motion for a rule *nisi* to work a suspension from office is that there be a pending suit for removal or ouster from office. The terminal date for the granting of the rule *nisi* for suspension would be the day when "the cause is finally decided", the word "cause", as used in the above-quoted constitutional provision referring obviously to the ouster proceedings.

Relators would have us add a more restrictive time requirement for the granting of a rule *nisi* for suspension from office. In their brief, they suggest that "if suspension from office is limited to the period between judgment in the district court and decision by the appellate courts, none of the abuses possible under the other construction of the provision can arise."

The simple answer to relators' suggestion is that this Court will not substitute its judgment for that of the Legislature or of the electorate. We cannot assume that these possible abuses were totally overlooked by the Legislature in recommending to the people that this provision to the Louisiana Constitution be ratified. We cannot assume that the people were unaware of this when they voted to ratify this provision. For whatever reason it chose, the Legislature placed no time restriction here other than that the rule *nisi* may be brought during the pendency of the

ouster proceedings. If the Legislature had intended a narrower time limitation than that clearly pronounced, it would have provided it in the words of its enactment; therefore, we must conclude that none other was intended. LSA–C.C. Art. 13.

In their brief, relators concede that suspension from office can be justified in the protection of the public interest from jeopardy by unworthy office-holders. The Legislature and the people have placed this protection in the sound discretion of the trial courts, subject to appellate review, to be exercised when called upon by the proper authorities and upon a proper showing. To delay the exercise of this discretion in the protection of the public interest until after judgment has been rendered in the trial proceedings of the ouster suit may well be more injurious to the public interest than those feared by the relators. Manifestly, any actual abuses or injustices that may arise out of the exercise of the trial court's discretion in ordering a suspension from office is subject to timely correction by appellate review.

For these reasons, the alternative writs of certiorari, prohibition and mandamus herein issued are recalled, and the case is remanded to the 25th Judicial District Court for the Parish of St. Bernard for further hearing. All costs to await the final disposition of the cause.

FOURNET, C. J., absent.