SARTAIN, Judge.
The issue in this case is whether the defendant, Jessel M. Ourso, Sheriff of the Parish of Iberville, whose removal from office is sought under the provisions of La.Const. Art. 9, Sections 1, 6 and 7 is entitled to trial by jury. The trial judge denied defendant’s request for a trial by jury. Defendant applied to this court and was granted alternative writs of mandamus, certiorari and prohibition, wherein the judge a quo was directed to recall and annul his order denying a jury trial to defendant; or in the alternative, to show cause by briefs on or before May 16, 1968, why these writs should not be made peremptory. All further proceedings in the *534 trial court were stayed until the validity of defendant’s request for a jury trial is ascertained. The trial judge declined to fecall his previous order which effectuated the alternative writ of certiorari.
For convenience we quote herewith the applicable provisions of Article 9 of our Constitution of 1921:
“Section 1. All state and district officers, whether elected or appointed, shall be liable to impeachment for high crimes and misdemeanors in office, incompetency, corruption, favoritism, extortion, or oppression in office, or for gross misconduct, or habitual drunkenness.

Section 6. For any of the causes enumerated in Section 1 hereof, any officer, whether state, district, parochial, or of a ward or municipality, except the Governor, Lieutenant-Governor, and judges of the courts of record, may be removed by judgment of the district court of his domicile. The Attorney General or district attorney may, in his discretion, institute such suit, and shall do so (except when the suit is to be brought against himself) on the written request, specifying the charges, of twenty-five citizens and taxpayers, or of the governor, in the case of state, district, parochial or municipal officers, and of ten resident citizens and taxpayers in the case of ward officers. Suits against the Attorney General shall be brought at the place where he discharges his official duties by the district attorney of that district, and suits against a district attorney shall be brought by the Attorney General or the district attorney of an adjoining district, or by an attorney appointed by the court, whenever requested to do so, as above set forth.
Section 7. Ten days citation shall be allowed in all suits to remove, and they shall have preference throughout over all other cases. The State, Attorney General, district attorney, or any person at whose instance a suit is brought, may appeal, and in cases of state and district officers, the appeal shall lie to the Supreme Court; all other appeals shall lie to the courts of appeal having territorial jurisdiction.
No suit for removal shall work a' suspension from office; but the trial court may, by rule nisi and contradictory hearing, after ten days notice, suspend any officer, subject to a review by the proper appellate court, and such office shall be filled by the appointing power until the cause is finally decided.
In any cause finally decided in favor of a defendant officer, he shall recover judgment for all costs and a reasonable attorney’s fees.”
On February 19, 1968, four days after the instant petition for removal was filed, the Honorable John J. McKeithen, Governor of Louisiana, issued Executive Order No. 62 suspending the defendant from office under the authority of La. Constitution (1921, Art. 9, Section 8), which provides :
“Section 8. On the recommendation of the Auditor or the police jury of any parish, the governor may suspend any officer charged with the custody or collection of public funds when in arrears.”
The suspension order is significant because at the present time and when this case is to be heard on the merits defendant already stands suspended.
In his written reasons for denying defendant a trial by jury on the merits the trial judge held, inter alia, (1) that all cases for ouster or removal from office since the adoption of the La. Constitution of 1921 had been without a trial by jury; (2) that a trial by jury necessarily conflicts with the preferential trial provisions of Art. 9, Sect. 7 of the Constitution of 1921; (3) that the specific statutory authority for a trial by jury granted by Act 135 of 1880 was repealed by Act 2 of the Extra Session of 1950 (La. Revised Statutes); *535 (4) that Act 135 of 1880 was unconstitutional upon the adoption of the 1921 Constitution; (5) that Article 9, Sections 6 and 7 are self-executing and self-operative and because no provision is made for a jury trial, “said provisions do not contemplate a jury trial”; and, (6) that Art. 9, Sect. 7 definitely contemplated “that matters, coming within the provisions thereof be tried without a jury”.
We shall discuss in the order set forth above our reasons for concluding that the trial judge committed manifest error as a matter of law on each of the aforementioned reasons.
(1) Since the adoption of our present Constitution of 1921, we have found only one case where the issue of defendant’s right to trial by jury has been subject to appellate review and that case is Perez v. Licciardi, 236 La. 236, 107 So.2d 455 (1958). The cited case is clearly distinguishable from the facts presented in the instant matter in that the Perez case as it was then considered pertained to suspension, an incidental demand to the main action, pending a trial on the merits for removal. The suspension proceeding was instituted by rule nisi which is expressly provided in Paragraph 2 of Sect. 7, Art. 9, La.Const.1921. The language in Perez v. Licciardi makes the summary nature of those proceedings amply clear when the opening paragraph states (107 So.2d 455, 456):
“This case comes before us on alternative writs of certiorari, prohibition, and mandamus to determine the validity of suspension proceedings initiated against relators in the 25th Judicial District Court for the Parish of St. Bernard.” (Emphasis ours)
In addition to the above quotation and to further emphasize that the court intended to restrict its ruling to suspension proceedings the opinion recites (107 So.2d 455, 457):
“Relators have not seriously pressed their claim before this Court to the right to a trial by jury of the suspension proceedings. Suffice it to say in this connection that the summary nature of the suspension proceeding, through rule nisi and contradictory hearing, necessarily requires this proceeding to he heard before the trial judge without a jury. Code of Practice, Arts. 755, 756; Prudhomme’s Heirs v. Walmsley, Man.Unrep.Cas. 374; Pesant v. Heartt, 22 La.Ann. 292.” (Emphasis ours)
The case now before us deals solely with defendant’s right to a jury trial where the main demand is that of permanent removal from office which is authorized by the first paragraph of the same Sect. 7, Art. 9, etc.
(2) We do not agree that the preferential trial provisions of Art. 9, Sect. 7 of the Constitution of 1921 requiring ten days citation is inimical to the right to trial by jury. The requirement of ten days notice does not mean that the case shall be heard on the eleventh, twelfth, or any particular day thereafter. It simply means that the case may not be tried before the delay of ten days following citation. The provision for preferential trial treatment denotes the case as one of priority which shall supercede regular previously assigned cases. If the case for removal is set for a trial and a jury venire is not available, the court has the authority to direct the jury commission to forthwith proceed to summon additional prospective jurors. R.S. 13:3050. See also State ex rel. Leche v. Waggner, 42 La.Ann. 54, 8 So. 209 (La.Supreme Court, 1890).
Items (3) and (4) of the trial judge’s opinion are closely related and can be answered together. Act No. 135 of 1880 (Sect. 4) which provided in part:
“ * * * That either party to suits brought pursuant hereto may claim trial by jury; provided, that the plaintiff may pray for jury trial in his original petition, and not thereafter, and that the defendant may pray for jury trial in his original answer, and not thereafter.”
*536 was enacted pursuant to Articles 196 and 201 of the Louisiana Constitution of 1879. This act was recognized and other provisions thereof were deemed valid under the subsequent Constitutions of 1898 (State ex rel. Stewart v. Reid, 118 La. 106, 42 So. 662, 1906, and, State ex rel. Bourg v. Marrero, 132 La. 109, 61 So. 136, Jan., 1913); Constitution of 1913 (State ex rel. DeBellevue v. Egan, 138 La. 201, 70 So. 97, 1915); and more particularly, under the Constitution of 1921 (State ex rel. Ellis v. Ferguson, 154 La. 237, 97 So. 415, 1923; In Re Byrne, 193 La. 566, 191 So. 729, 1939; In Re Perez, 194 La. 763, 194 So. 774, 1940; In Re Perez, 197 La. 334, 1 So.2d 537, 1941). The gist of these cited authorities is that the similarity of the provisions of the Constitutions of 1879, 1898, 1913, and 1921, relative to removal from office were so similar in the nature and content of their respective provisions that said Act 135 of 1880 was neither expressly or impliedly repealed by the adoption of the Constitutions that followed.
We will also treat Items (5) and (6) collectively. The argument that Art. 9, Sects. 6 and 7 of the Constitution of 1921 are self-executing and self-operative and because no provision is made for a jury trial none was contemplated is answered by simply referring to the Constitutions of 1879, 1898, and 1913 and noting that none of these constitutions expressly provide for a jury trial. This right was legislatively expressed by Act 135 of 1880. It is our opinion that the repeal of this Act of 1880 by Sec. 2 of Act 2 of the Extra Ordinary Session of 1950 (La. Revised Statutes) did not deprive a defendant in this type of case of a jury trial for simultaneously with the repeal of said Act of 1880 was the adoption of R.S. 13:3041-13:3106. Articles 493-532 of the Code of Civil Procedure of 1870 remained in effect and accordingly the general rule that jury trials are favored except when expressly prohibited by law continued to prevail.
Any doubt as to defendant’s right to trial by jury in a removal case following the repeal of Act 135 of 1880 was removed by the enactment of the Code of Civil Procedure in 1960 and particularly Articles 1731, 1733. These articles state:
Art. 1731
“Except as limited by Article 1733, the right of trial by jury is recognized.
The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury.”
Art. 1733
“A trial by jury shall not be available in:
(1) A suit demanding less than one thousand dollars exclusive of interest and costs;
(2) A suit on an unconditional obligation to pay a specific sum of money, unless the defense thereto is forgery, fraud, error, want or failure of consideration ;
(3) A summary, executory, probate, partition, mandamus, habeas corpus, quo war-ranto, injunction, concursus, workmen’s compensation, emancipation, tutorship, interdiction, curatorship, legitimacy, fil-iation, separation from bed and board, annulment of marriage, or divorce proceeding ;
(4) A proceeding to review an action by an administrative or municipal body; and
(5) All cases where a jury trial is specifically denied by law.” (Emphasis ours)
At the time of the adoption of the Constitution in 1921 a jury trial was available to a defendant in a removal action. If for any reason it is urged that the specific repeal of the Act of 1880 withdrew this right then it must also be recognized that the legislature was still possessed of the authority to restore this right by the enactment of C.C.P. Arts. 1731-1733 (1960). These articles which by their very language by not restricting a jury trial in re *537 moval actions have continued to recognize the general rule and grant a jury trial to a defendant when such actions are tried on the merits.
The right of trial by jury when requested in removal actions has been recognized as far back as State ex reí. Leche v. Waggner, supra (1890) and in our judgment has continued to the present time. While there have been constitutional, codal, and statutory changes in the law, such changes have not withdrawn this right.
For the above and foregoing reasons the writs previously issued herein are made peremptory and the trial judge is directed to recall and vacate his order denying defendant a trial by jury and this case is herewith remanded for trial on the merits consistent with the views expressed herein.
Writs made peremptory and case remanded.